IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LEONEL MARIN-TORRES,

        Defendant.

No. 3:14-cr-00386-HZ-1

OPINION & ORDER

Gregory R. Nyhus
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Leonel Marin-Torres
36048-086
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837

    Pro se Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant moved for a one-year extension of time to file a motion under 28 U.S.C. § 2255 for relief from his judgment of conviction.

## BACKGROUND

A jury found Defendant guilty of assaulting an officer after a two-day trial on January 12-13, 2016. Jury Verdict, ECF 93. Defendant conducted the trial pro se but had standby counsel available to assist him throughout the trial. The Court sentenced Defendant on April 11, 2016, and entered a judgment of conviction against him the same day. Judgment, ECF 102. Defendant appealed his conviction to the Ninth Circuit. Not. App., ECF 105. On November 17, 2017, the Ninth Circuit affirmed Defendant's conviction. *United States v. Marin-Torres*, 702 F. App'x 634 (9th Cir. 2017). Defendant filed a petition for writ of certiorari in the United States Supreme Court on March 27, 2018. S. Ct. Clerk Ltr., ECF 126. The Supreme Court denied certiorari on May 29, 2018. *Marin-Torres v. United States*, 138 S. Ct. 2588 (2018) (mem.).

On November 4, 2019, Defendant filed a motion for an extension of time to file a motion under 28 U.S.C. § 2255 for relief from his judgment of conviction. Def. Mot. Ext. Time, ECF 128.

## STANDARDS

Section 2255 provides that a defendant may file a motion for relief from a judgment of conviction within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

## DISCUSSION

### I. Jurisdiction

The Constitution confers jurisdiction on the federal courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. The exercise of jurisdiction by federal courts is limited to "the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotations marks and brackets omitted).

The Ninth Circuit has not yet considered whether a district court has jurisdiction to decide a motion for extension of time to file a Section 2255 motion before a prisoner files a Section 2255 motion. Most circuits to consider the question have held that federal courts lack subject matter jurisdiction under Article III to hear motions for extension of time to file Section 2255 motions unless the defendant files a Section 2255 motion with the motion for extension of time. *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *United States v. Hernandez*, 431 Fed. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 Fed. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 Fed. App'x 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 Fed. App'x 686, 687 (6th Cir. 2003). Those circuits hold that to decide a motion for extension of time when no Section 2255 motion has been filed would amount to rendering an advisory opinion. *See*, *e.g.*, *Leon*, 203 F.3d at 164. Other district courts

in the Ninth Circuit agree. *See*, *e.g.*, *Soto v. Warden*, No. CV 09-2377 AHM (JC), 2009 WL 1705471, at *1 (C.D. Cal. Jun. 16, 2009).

Only the Third Circuit has held that district courts have jurisdiction to hear motions for extension of time filed before a Section 2255 motion, reasoning that because Section 2255 motions are filed in a continuation of the underlying criminal case instead of a separate civil proceeding, the criminal case satisfies the Article III case or controversy requirement. *United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). But, as the Sixth Circuit pointed out, the Supreme Court has held that Section 2255 motions are separate actions. *United States v. Asakevich*, 810 F.3d 418, 422 (6th Cir. 2016) ("a motion under § 2255, like a petition for a writ of habeas corpus . . . is not a proceeding in the original criminal prosecution but an independent civil suit") (internal quotation marks and brackets omitted) (citing *Heflin v. United States*, 358 U.S. 415, 418 n. 7 (1959)).

The Court is persuaded by the reasoning of the majority of other circuits and holds that because Defendant has not filed a Section 2255 motion, the Court lacks subject matter jurisdiction unless the Court can construe his motion for an extension of time as a Section 2255 motion. *Cf. Calderon v. Ashmus*, 523 U.S. 740, 746-49 (1998) (federal courts lack jurisdiction under Article III to hear a prisoner's petition for declaratory relief to determine the time limits that would govern future habeas petitions).

Courts must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Pro se filings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* Applying that rule, some circuits have held that when a pro se prisoner files a motion for extension of time to file a Section 2255 motion that includes grounds for relief that can be construed as a Section 2255 motion, the district court has jurisdiction to determine

whether the motion is timely and to decide it on the merits.  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001); *White*, 257 Fed. App'x at 609.

The Supreme Court has endorsed the district courts' authority to recharacterize a pro se prisoner's filing as a first Section 2255 motion, but it requires courts to first give notice to the pro se prisoner that it intends to do so and that subsequent motions filed under Section 2255 will be subject to the requirements of second or successive motions.  *Castro v. United States*, 540 U.S. 375, 383 (2003).  Because construing the motion as a first Section 2255 motion will create procedural barriers to filing second or successive Section 2255 motions, district courts must give the pro se prisoner a reasonable opportunity to withdraw the motion or allow the pro se prisoner to amend the filing to conform to the requirements of Section 2255.  *Id.*  If the court does not provide that warning and opportunity to withdraw or amend, then the court cannot treat it as a first Section 2255 motion and require a subsequent Section 2255 motion to comply with the procedural requirements for filing a second or successive Section 2255 motion.  *Id.*

> a. *Defendant's Motion for Extension of Time Contains Sufficient Factual Allegations for the Court to Construe It as a Section 2255 Motion*

Section 2255 permits a prisoner in custody to attack their sentence on the limited grounds that (1) it was imposed in violation of the Constitution, (2) the district court that imposed the sentence lacked jurisdiction, or (3) the sentence exceeded the maximum sentence authorized by law or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To state a claim for relief under Section 2255, the defendant must allege sufficient facts to raise one of those issues. *Green*, 260 F.3d at 83-84.  Defendant's motion alleges only constitutional violations.  It makes conclusory allegations of corruption, discrimination, misconduct by the judge and prosecutor, and an allegation that his conviction is the product of tyranny designed to generate profit for the private prison industry.  Mot. Ext. Time 2-3.  Defendant also alleges that the Court violated his

Fifth, Sixth, and Fourteenth Amendment rights when it excluded him from the courtroom during his trial and refused to allow Defendant to present evidence that an officer who testified against him had been fired for giving a false statement and that inmates had made complaints against him for harassment. *Id*. at 7-8.

"The [Section 2255] standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (internal citations omitted). Merely conclusory statements are not enough, but a prisoner does need not explain their evidence in detail; the prisoner is required only to make factual allegations. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980) (internal citations omitted). "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief under section 2255." *Green*, 260 F.3d at 83. The Court finds that, at a minimum, Defendant's motion alleges sufficient facts to state a claim that his Sixth Amendment rights were violated when the Court excluded him from trial proceedings, and he has alleged sufficient facts to treat the motion for extension of time as a substantive 2255 motion. The Court thus has jurisdiction to consider whether Defendant's Section 2255 motion is timely.

## II. Timeliness

The United States Supreme Court denied Defendant's petition for writ of certiorari on May 29, 2018, and his judgment of conviction became final on that date. *Clay*, 537 U.S. at 527. Defendant had one year from May 29, 2018, to file a motion for relief from his judgment under 28 U.S.C. § 2255, which ended on May 29, 2019. 28 U.S.C. § 2255(f)(1). Plaintiff filed this

motion for an extension of time to file a Section 2255 motion on November 4, 2019, more than five months after the one-year limitations period ended. Def. Mot. Ext. Time.

If governmental action that violated the defendant's constitutional rights impeded the defendant from making a motion within one year, then the one-year deadline begins to run from the date that the impediment created by the governmental action was removed. 28 U.S.C. § 2255(f)(2). Defendant's motion describes a scenario that could constitute a government-created impediment to filing a Section 2255 motion that violated Defendant's constitutional rights and prevented him from bringing a motion.

The Constitution requires prisons and jails to provide prisoners with reasonable access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). There is no constitutionally mandated means by which prisons must provide access, but the means of access may include providing prisoners access to a law library, procedural rules, and legal resources with which to determine applicable limitations periods, and providing access to case files, filings made on their behalf, trial transcripts, and court opinions. *Id.* at 351 (law libraries); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (procedural rules); *United States v. Carlsen*, Nos. CR-07-31-GF-SHE, CV-09-33-FG-SHE, 2012 WL 1194303, at *2 (D. Mont. Apr. 10, 2012) (case files). At a minimum, prisons must provide prisoners the resources they need to "attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

Defendant provided a letter from his brother, Hermes Marin Torres, to the Federal Bureau of Prisons dated August 9, 2018, that requested that the Bureau of Prisons transfer Defendant from United States Penitentiary ("USP") Pollock to another prison. H. Marin Torres Ltr., ECF 128 at 19. The letter claims that prison gang members had attacked an inmate on April

14, 2018, and Defendant feared for his safety after a second incident occurred the next day. *Id.* In the letter, Defendant's brother said that Defendant had spent a month in segregation in the Special Housing Unit where he lacked access to his legal papers.[1]  *Id.* at 20.

At some point between August 9, 2018, and December 13, 2018, the government transferred Defendant to another prison. Defendant provided letters from USP Lewisburg that indicate that Defendant and other inmates at USP Lewisburg had experienced significant delays in gaining access to their property. The letters from USP Lewisburg are dated December 13, 2018, March 11, 2019, and May 28, 2019. ECF 128 at 13-15. The letters explain that because of "significant inmate movement," USP Lewisburg had experienced delays in receiving inmate property from other institutions and delays securing, inspecting, and issuing property to incoming inmates. *Id.* Defendant's brother tried to send Defendant copies of his legal papers by mail but, according to a letter his brother sent to USP Lewisburg, the prison had not yet given the documents to Defendant on May 3, 2019, even though the postal service had delivered the papers to USP Lewisburg six weeks earlier. ECF 128 at 16-18. The documents attached to Defendant's motion establish that Defendant lacked access to his legal documents during a significant part of the one-year limitations period between May 29, 2018, and May 29, 2019. At a minimum, Defendant could not access his legal papers between December 13, 2018, and sometime after

---

[1] Segregation and lockdowns do not create an unconstitutional impediment if they were "reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 361. Defendant has provided no evidence that his segregation was not reasonably related to legitimate penological interests, so the Court does not consider this one-month period to be an unconstitutional impediment to Defendant's ability to bring a motion under Section 2255 within the one-year limitations period. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (declining to exclude time that the defendant was in lockdown for disciplinary reasons from one-year limitations period).

May 28, 2019, a time frame that encompassed more than the last five months of the one-year period that Defendant had to file a motion under Section 2255.

Preventing Defendant from accessing his legal papers for more than five months violated Defendant's right to access the courts. Although a temporary lack of access to legal materials does not rise to the level of a constitutional deprivation, *Vigliotto v. Terry*, 873 F.2d 1201, 1202-03 (9th Cir. 1989), an impediment that "altogether prevent[s] [a prisoner] from presenting [their] claims in *any* form, to *any* court," does. *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (emphasis in original). The Government acknowledges that "it is apparent that [D]efendant has had difficulty in retaining his legal documentation from his two trials, and that his transfers between institutions has caused come of this displacement . . . ." Govt. Resp. Req. Ext. Time. 1, ECF 130. The Government thus offers nothing to dispute that Defendant's lack of access prevented Defendant from bringing a timely Section 2255 motion. As a result, the Court finds that the one-year statute of limitations for Defendant to file a Section 2255 motion began to run on the date that the government-created impediment was removed. 28 U.S.C. § 2255(f)(2).

It is unclear from Defendant's filings whether or when Defendant now has access to his property. His motion claims that he needs an extension because "petitioner don't have access to his legal paperwork[] necessary to proper[ly] present his claim." Def. Mot. Ext. Time 1. However, Defendant's November 4, 2019, motion is a ten-page filing that cites cases and includes citations to some of the cases. Def. Mot. Ext. Time 4 (including a citation to "*United States v. Lopez*, 2019 U.S. App. LEXIS 882 9th Circuit," a citation to the location of the case in the LEXIS reporter). Defendant also properly noted the requirement that Section 2255 motions must be filed in the court that imposed the sentence. *Id.* It also contains some alleged facts from the trial proceedings. Because Defendant appears to have had access to legal resources at the

time that he filed the motion, the Court finds that the government-created impediment to Defendant bringing a Section 2255 motion was removed on November 4, 2019, the date that Defendant filed his motion. Because the Court construes his motion for an extension of time as a first Section 2255 motion, Defendant's motion is timely.

### III. Equitable Tolling

Equitable tolling may provide an independent basis to find that Defendant's motion is timely. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). Under the doctrine of equitable tolling, a limitations period may be tolled when "extraordinary circumstances beyond [the defendant's] control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Id.* (quotation marks omitted). Defendant's complete lack of access to his legal papers for the last five and a half months of the one-year limitations period was an extraordinary circumstance beyond Defendant's control that prevented him from bringing a motion under Section 2255. *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) (prisoner's lack of access to his files during two periods of transition between facilities lasting eighty-two days were "extraordinary circumstances" that warranted equitable tolling). Thus, the circumstances warrant equitable tolling of the statute of limitations during the period that Defendant lacked access to his legal files.

### CONCLUSION

Defendant's motion raises the issue that a government-created impediment that violated his right of access to the courts prevented him from bringing a motion for relief from his judgment of conviction under 28 U.S.C. § 2255. The government does not contest the factual allegations in Defendant's motion concerning his lack of access to his legal materials or oppose an extension of time, although the government believes a shorter extension of time should

suffice.  The Court finds that the one-year statute of limitations for Defendant to bring a Section 2255 motion began to run on the day that the government-created impediment claimed by Defendant was removed.  28 U.S.C. § 2255(f)(2).  The Court finds that date to be November 4, 2019.

Defendant's motion for an extension of time to bring a motion under 28 U.S.C. § 2255 [212] is construed as a first Section 2255 Motion.  Because the Court finds that the one-year statute of limitations for Defendant to file a Section 2255 motion began on November 4, 2019, Defendant's Section 2255 motion is timely.  Defendant may withdraw his motion or amend his motion to meet the requirements of Section 2255 on or before November 4, 2020.  If Defendant fails to withdraw or amend his Section 2255 motion on or before November 4, 2020, the motion will be decided on the merits, and the Court will deem any motion filed thereafter as a second or successive motion subject to the requirements of 28 U.S.C. § 2255(h).

IT IS SO ORDERED.

DATED:     January 2, 2020     .


_____
MARCO A. HERNÁNDEZ
United States District Judge